■ PRESIDENT CONTAINER, INC., Appellant, v PATIMCO, a Division of Allied Paper & Tin Plate Converting Machinery Co., Inc., Respondent. — In an action to recover damages for breach of contract, plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Velsor, J.), entered December 28, 1979, as, after a nonjury trial, dismissed the complaint. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, judgment is granted to plaintiff in the principal sum of $7,750 and this matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment. Plaintiff seller and defendant buyer entered into a contract for the sale of machinery for $26,750. Upon a breach of the contract by defendant, plaintiff resold the machine for $18,500. It seeks to recover its damages under subdivision (1) of section 2-706 of the Uniform Commercial Code, that is, the difference between the contract price and the resale price (less the $500 down payment received from defendant at the time of the making of the contract). Subdivision (1) of section 2-706 provides, *inter alia,* that where the resale is made in good faith and in a commercially reasonable manner, such damages may be recovered. Subdivision (2) of section 2-706 provides in part that "every aspect of the sale including the method, manner, time, place and terms must be commercially reasonable." Special Term concluded that plaintiff failed to establish that the sale was made in a commercially reasonable manner due to the fact that there was no credible proof adduced as to the market price of the machinery. Official Comment 3 to section 2-706 notes that "Evidence of market * * * prices * * * is relevant only on the question of whether the seller acted in a commercially reasonable manner in making the resale." This comment was presumably intended to contrast section 2-706 with section 2-708. The latter provides the measure of damages for nonacceptance or repudiation as the difference between market price at the time and place for tender and the unpaid contract price. Thus, market price is a requisite under that provision. We find that Special Term erred in relying on the failure of plaintiff to establish market price. Such a failure is not fatal under section 2-706. Plaintiff did demonstrate, as required by section 2-706, that under the totality of the circumstances, it acted in a commercially reasonable manner in reselling the machinery. Plaintiff's president testified that he sought to resell the machine to various parties, and received one offer, shortly after the breach, for $15,000, which was subsequently withdrawn. More than one year later, he sold the machinery in two components for $15,000 and $3,500, respectively. He also testified that the value of such a machine decreases when it is not in operation. The testimony of defendant's president that the total market price at the time of resale was more than $31,000 does

not lead us to conclude that the sale or the price obtained was commercially unreasonable. Hopkins, J.P., Mangano, Gulotta and Margett, JJ., concur.